UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ATLEE PARSONS,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM KNIPP, Warden,<br><br>    Respondent. | Case No. 14-cv-04833-HSG (PR)<br><br>**ORDER DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. Petitioner has filed an opposition, and respondent has filed a reply.

**BACKGROUND**

In 2010, in Alameda County Superior Court, petitioner was convicted of sodomy, four counts of rape, assault with a deadly weapon, criminal threats, kidnapping to commit rape, and first degree robbery. Petition at 2[1]; Motion to Dismiss ("MTD") Ex. 1 at AG0001[2]. He was sentenced to 36 years to life in state prison. *Id.* Petitioner appealed. *Id.*

On July 25, 2012, the California Court of Appeal remanded so that the trial court could correct a sentencing error but affirmed the judgment in all other respects. Ex. 1 at AG0001, AG 0010. On January 11, 2013, the superior court modified the sentence. Ex. 2. Petitioner did not appeal. *See* Petition at 3-5.

---

[1] All page numbers used herein refer to those affixed to the top of the page by the court's electronic filing program.

[2] All references herein to exhibits are to the exhibits submitted by respondent in support of the motion to dismiss.

On November 19, 2013, petitioner filed a habeas petition in the Alameda County Superior Court. Ex. 3; Dkt. No. 19 at 7, 63.[3] That petition was denied on January 17, 2014. Ex. 4 at AG0014-AG0015.

On March 3, 2014, petitioner filed a habeas petition in the California Court of Appeal. Ex. 4; Dkt. No. 19 at 63. That petition was denied on April 9, 2014. Ex. 5.

On July 11, 2014, petitioner filed a habeas petition in the California Supreme Court. Ex. 6; Dkt. No. 19 at 63. That petition was denied on October 1, 2014. Ex. 7.

On October 26, 2014, petitioner filed his federal habeas petition in this Court.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitations period will begin running against him the day after the

---

[3] As a *pro se* prisoner, petitioner receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

1  date on which the time to seek such review expired. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54
2  (2012). Here, petitioner's conviction became final on March 12, 2013, sixty days after his re-
3  sentencing on January 11, 2013. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006)
4  (because California prisoner did not appeal his conviction, process of direct review became final
5  60 days after conviction); Cal. Rule of Court 8.104(a)(1). Thus, the limitations period began
6  running March 13, 2013, giving petitioner until March 12, 2014 to file his federal habeas petition.
7  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner's instant petition, filed
8  on October 26, 2014, is therefore untimely, absent tolling.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2). Here, the limitations period was tolled for 141 days—from the time petitioner filed his habeas petition in the superior court on November 19, 2013 until April 9, 2014, the day the state court of appeal denied the habeas petition that petitioner had filed in that court. Petitioner is also entitled to 82 days of tolling for the period from July 11, 2014 until October 1, 2014, when his state habeas petition was pending with the California Supreme Court. Adding those 82 days to the 141 days of tolling for the pendency of the superior court and court of appeal petitions yields a total of 223 days of tolling and thus a limitations period that expired on October 21, 2014, 223 days later than the original March 12, 2014 deadline. The instant petition is therefore late by five days.

The central issue presented by the instant motion is whether petitioner is entitled to tolling for the 93-day gap from April 9, 2014 to July 11, 2014—the time between the state court of appeal's denial of petition and petitioner's filing of his petition in the California Supreme Court.[4] Respondent argues that the statute was not tolled during this time because the 93-day gap is beyond the 30 to 60 days commonly afforded a notice of appeal and therefore not subject to tolling under the rule of *Evans v. Chavis*, 546 U.S. 189, 194-95 (2006). In *Chavis*, the United States

---

[4] Respondent concedes for purposes of this argument that petitioner was entitled to tolling for the time between the superior court's denial of his initial state petition and his filing of his next petition in the state appellate court. *See* MTD at 9.

United States District Court
Northern District of California

Supreme Court held that if a California court dismisses a habeas petition without comment, or even if it reviews a petition on the merits without discussing timeliness, a federal court "must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time,'" *id.* at 198, in order to determine whether the petition was "properly filed" for purposes of tolling the federal statute of limitations, *id.* at 191 (quoting 28 U.S.C. § 2244(d)(2)).  Noting that California courts had not provided authoritative guidance on this issue, *Chavis* surmised "that California's 'reasonable time' standard would not lead to filing delays substantially longer than" between 30 and 60 days, the range of time allowed for filing a notice of appeal by other states' statutes.  *Id.* at 199, 201.

The Ninth Circuit recently certified to the California Supreme Court the following question: "When a state habeas petitioner has no good cause for delay, at what point in time is that state prisoner's petition, filed in a California court of review to challenge a lower state court's disposition of the prisoner's claims, untimely under California law."  *See Robinson v. Lewis*, 795 F.3d 926, 928 (9th Cir. 2015).[5]  In light of the fact that the California Supreme Court has a case in which it may decide the same issue presented by respondent's motion to dismiss, the Court declines to decide the issue at this time.  Respondent's motion will therefore be denied without prejudice to re-filing once the California Supreme Court decides whether to accept or decline certification in *Robinson*.

The Court notes that respondent argues in the alternative that petitioner is not entitled to statutory tolling at all because none of his state habeas petitions were properly filed.  Respondent appears to rely on *Carey v. Saffold*, 536 U.S. 214 (2002), which held a federal court must determine "just when a [California] review application (*i.e.*, a filing in a higher court) comes too late."  *Carey*, 536 U.S. at 223.  In other words, it must determine whether a petitioner "delayed

---

[5] The Court finds here that petitioner has not established good cause for the 93-day delay given that a review of his petitions to the state appellate court and state supreme court demonstrate that they are virtually identical, with most pages of the latter petition appearing to be xerox copied.  *See* Exs. 4, 6.  It is not reasonable that petitioner would need excess time to re-file an already written brief.

4

'unreasonably' in seeking [higher state court] review." *Id.* at 225. If so, the application would no longer have been "pending" during the period at issue. *Id.* If the state court clearly rules that a petitioner's delay was "unreasonable," that is the end of the matter, regardless of whether it also addressed the merits of the claims or whether its timeliness ruling was "entangled" with the merits. *Id.* at 226. *See also White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) (holding when a California state court determines that a state prisoner's state habeas petition is untimely under state law, there is "no 'properly filed' state petition, and [the state prisoner is] not entitled to statutory tolling" under AEDPA).

In support of this alternative argument, respondent points to the rulings of the state superior court and state appellate court denying petitioner's state petitions. Although respondent is correct that both rulings mention untimeliness as a ground for denial, the Court finds the rulings are ambiguous. Petitioner presented multiple claims in his state court petitions. The superior court denied the petition before it with citations to *In re Clark*, 5 Cal. 4th 750, 755, 768, 797 (1993); *In re* Sanders, 21 Cal. 4th 697, 703 (1999); *In re Robbins*, 18 Cal. 4th 770, 780 (1998); *In re Sodersten*, 146 Cal. App. 4th 1163, 1221 (2007); *In re Nuñez*, 173 Cal. App. 4th 709, 724 (2009); *In re Harris*, 5 Cal. 4th 813, 829 (1993); *In re Waltreus*, 62 Cal. 2d 218, 225 (1965); and *In re Miller*, 17 Cal. 2d 734, 735 (1941). *See* Ex. 4 at AG0014. The state appellate court denied the petition before it with citations to *In re Waltreus*, 62 Cal. 2d 218, 225 (1965); *In re Dixon*, 41 Cal. 2d 756, 759 (1953); *In re Clark*, 5 Cal. 4th 750, 782-99 (1993); *In re Robbins*, 18 Cal. 4th 770, 780-81 (1998); and *In re Swain*, 34 Cal. 2d 300, 303-04 (1949). *See* Ex. 5. The rulings do not specify which of petitioner's multiple claims were rejected under which cited procedural rule. Consequently, one or more claims in petitioner's state habeas petitions might stand in a different legal posture than the others as to untimeliness. Accordingly, the Court cannot dismiss the instant petition under respondent's alternative argument.

## CONCLUSION

For the foregoing reasons,

1. Respondent's motion to dismiss is DENIED. The denial is WITHOUT PREJUDICE to re-filing once the California Supreme Court decides whether to accept or decline certification in

5

*Robinson v. Lewis*, 795 F.3d 926 (9th Cir. 2015).

2. In order to expedite the resolution of this case, the Court orders as follows: Respondent shall file with the Court and serve on petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty-five (35) days** of the date the answer is filed.

Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

3. If prior to the time respondent files an answer, the California Supreme Court accepts certification in *Robinson*, respondent may, in lieu of an answer, file a motion to stay the case pending resolution of the question presented for certification to the California Supreme Court.

Alternatively, if prior to the time respondent files an answer, the California Supreme Court denies certification in *Robinson*, respondent may, in lieu of an answer, filed a renewed motion to dismiss the petition as untimely, and the Court will decide the motion under the current Ninth Circuit case law addressing timeliness of state collateral review proceedings.

This order terminates Docket No. 10.

**IT IS SO ORDERED.**

Dated: 10/27/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge