UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ATLEE PARSONS,<br>Petitioner,<br>v.<br>WILLIAM KNIPP, Warden,<br>Respondent. | Case No. 14-cv-04833-HSG (PR)<br><br>**ORDER GRANTING APPLICATION FOR STAY OF PROCEEDINGS**<br><br>Re: Dkt. No. 24 |

On October 30, 2014, petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moved to dismiss the petition as untimely. On October 27, 2015, the Court denied the motion without prejudice on the ground that the Ninth Circuit had recently certified to the California Supreme Court a case presenting the same issue presented by respondent's motion to dismiss. *See Robinson v. Lewis*, 795 F.3d 926, 928 (9th Cir. 2015) (certifying to the California Supreme Court the following question: "When a state habeas petitioner has no good cause for delay, at what point in time is that state prisoner's petition, filed in a California court of review to challenge a lower state court's disposition of the prisoner's claims, untimely under California law?"). In denying respondent's motion to dismiss, the Court ordered respondent to answer the petition, but provided, "If prior to the time respondent files an answer, the California Supreme Court accepts certification in *Robinson*, respondent may, in lieu of an answer, file a motion to stay the case pending resolution of the question presented for certification to the California Supreme Court." Dkt. No. 23 at 6.

On December 16, 2015, the California Supreme Court granted the request for certification in *Robinson*. *See Robinson v. Lewis*, 2015 D.A.R. 13410, No. S228137 (Cal. Dec. 16, 2015). On

January 5, 2015, respondent filed the instant application for stay of proceedings pending resolution of *Robinson*.

The application is GRANTED.  In light of the fact that the California Supreme Court has a case in which it will likely determine whether the instant action is untimely, it would be an unnecessary consumption of judicial resources for this Court to decide the merits of the action at this time.

Accordingly, the instant action is STAYED.  The Clerk shall ADMINISTRATIVELY CLOSE the file.  Within **thirty (30)** days from the date *Robinson* is decided, respondent must: (1) move to re-open the action, and (2) inform the Court whether he intends to renew his motion to dismiss.  If he does not seek to renew the motion to dismiss following the California Supreme Court's decision in *Robinson*, this Court will set a new briefing schedule for the filing of an answer and traverse addressing the merits of the petition.  Nothing further will take place in this action until the *Robinson* case is decided by the California Supreme Court or until further order of this Court.

This order terminates Docket No. 24.

**IT IS SO ORDERED.**

Dated: 1/12/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge