UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ATLEE PARSONS,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM KNIPP, Warden,<br><br>Respondent. | Case No. 14-cv-04833-HSG (PR)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR RELIEF FROM JUDGMENT; DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 30, 31 |

## INTRODUCTION

On October 30, 2014, petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent moved to dismiss the petition as untimely.  The central issue presented was whether petitioner was entitled to tolling for the 93-day gap from April 9, 2014 to July 11, 2014—the time between the state court of appeal's denial of his state habeas petition and petitioner's filing of his next state habeas petition in the California Supreme Court. On October 27, 2015, this Court denied respondent's motion to dismiss without prejudice on the ground that the Ninth Circuit had recently certified to the California Supreme Court a case presenting the same issue presented by respondent's motion to dismiss.  *See Robinson v. Lewis*, 795 F.3d 926, 928 (9th Cir. 2015) (certifying to the California Supreme Court the following question: "When a state habeas petitioner has no good cause for delay, at what point in time is that state prisoner's petition, filed in a California court of review to challenge a lower state court's disposition of the prisoner's claims, untimely under California law?").  On December 16, 2015, the California Supreme Court granted the request for certification in *Robinson*.  *See Robinson v. Lewis*, 2015 D.A.R. 13410, No. S228137 (Cal. Dec. 16, 2015).  On January 12, 2016, this Court granted respondent's motion to stay proceedings pending resolution of *Robinson*.  Now before the

1 Court are: (1) petitioner's "motion for relief from judgment" seeking reconsideration of the

2 Court's stay of proceedings, and (2) petitioner's motion for summary judgment.

## DISCUSSION

### A. Motion for Reconsideration

Where, as here, the court's ruling has not resulted in a final judgment, motions for reconsideration are governed by Civil Local Rule 7-9, which states:

> (a) Leave of Court Requirement. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.
>
> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
>
>> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>>
>> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>>
>> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.
>
> (c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

Civ. L.R. 7-9(a)-(c).

In violation of the Local Rules, petitioner failed first to seek leave of court before filing his motion for reconsideration. On that basis alone, the motion will be denied. Tri-Valley CARES v.

1   U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a
2   failure to comply with local rules is well within a district court's discretion."). Petitioner's *pro se*
3   status does not excuse his non-compliance with the Court's procedural rules. See Ghazali v.
4   Moran, 46 F.3d 52, 54 (9th Cir. 1995).

Moreover, petitioner's motion fails to make the showing required under Civil Local Rule 7-9 or otherwise to show good cause for reconsideration. In short, petitioner disagrees with the Court's ruling and merely repeats arguments which the Court has already considered and rejected in its order denying the motion to dismiss. See Civ. L.R. 7-9(c); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) ("Treating the motion for reconsideration as one brought under Rule 59(e), the trial court did not abuse its discretion in denying the motion, because the [plaintiffs] presented no arguments which the court had not already considered and rejected.").

In any event, petitioner is advised that the stay of the action works to his benefit. Were the Court to rule on the motion to dismiss under current federal precedent without guidance from the California Supreme Court, the Court would be compelled to dismiss the action as untimely. *See Evans v. Chavis*, 546 U.S. 189, 199, 201 (2006) (surmising "that California's 'reasonable time' standard would not lead to filing delays substantially longer than" between 30 and 60 days, the range of time allowed for filing a notice of appeal by other states' statutes); *Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012) (finding 82 day delay unreasonable); *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding 91 and 81 days delay between state habeas petitions was "unreasonable" with no indications from the California courts to the contrary). Petitioner's motion for reconsideration is therefore DENIED.

However, the Court will not allow the stay to remain in place indefinitely. If the California Supreme Court does not, within one year of the date of this order, issue a decision in *Robinson* clarifying whether the instant action is timely, petitioner may move to lift the stay.

**B.     Motion for Summary Judgment**

Petitioner's motion for summary judgment is DENIED because the court does not use a summary judgment procedure in habeas cases.

3

**CONCLUSION**

For the foregoing reasons,

1. Petitioner's motion for relief from judgment, seeking reconsideration of the Court's stay of proceedings is DENIED without prejudice. If the California Supreme Court does not, within one year of the date of this order, issue a decision in *Robinson* clarifying whether the instant action is timely, petitioner may move to lift the stay, and the Court will, at that time, set a briefing schedule for the filing of an answer and traverse addressing the merits of the petition.

2. Petitioner's motion for summary judgment is DENIED.

This order terminates Docket Nos. 30 and 31.

**IT IS SO ORDERED.**

Dated: 4/25/2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge