UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ATLEE PARSONS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>WILLIAM KNIPP, Warden,<br><br>　　　　Respondent. | Case No. 14-cv-04833-HSG (PR)<br><br>**ORDER REOPENING ACTION; DIRECTING RESPONDENT TO ANSWER PETITION**<br><br>Re: Dkt. No. 37 |

On October 30, 2014, petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moved to dismiss the petition as untimely. The central issue presented was whether petitioner was entitled to tolling for the 93-day gap from April 9, 2014 to July 11, 2014—the time between the state court of appeal's denial of his state habeas petition and petitioner's filing of his next state habeas petition in the California Supreme Court. On October 27, 2015, this Court denied respondent's motion to dismiss without prejudice on the ground that the Ninth Circuit had recently certified to the California Supreme Court a case presenting the same issue presented by respondent's motion to dismiss. *See Robinson v. Lewis*, 795 F.3d 926, 928 (9th Cir. 2015) (certifying to the California Supreme Court the following question: "When a state habeas petitioner has no good cause for delay, at what point in time is that state prisoner's petition, filed in a California court of review to challenge a lower state court's disposition of the prisoner's claims, untimely under California law?"). On December 16, 2015, the California Supreme Court granted the request for certification in *Robinson*. *See Robinson v. Lewis*, 2015 D.A.R. 13410, No. S228137 (Cal. Dec. 16, 2015). On January 12, 2016, this Court granted respondent's motion to stay proceedings pending resolution of *Robinson*. On April 25, 2016, the Court denied petitioner's motion for reconsideration of the stay. The Court specified,

however, that the stay would not last indefinitely and advised petitioner that he could move to lift the stay in one year if the California Supreme Court had not, during that time, issued a decision in *Robinson*. Now before the Court is petitioner's request to reopen the action and set a briefing schedule for the filing of an answer and traverse addressing the merits of the petition.

A year has passed since the Court's April 25, 2016 order, and the California Supreme Court has not yet issued a decision in *Robinson* clarifying whether the instant action is timely. Accordingly, good cause appearing, petitioner's request to reopen the action will be GRANTED.

Based on the foregoing, the Court orders as follows:

1. Petitioner's request to lift the stay and reopen the case is GRANTED, and the Clerk is directed to ADMINISTRATIVELY REOPEN the instant action.

2. No later than **ninety (90)** days from the date of this order respondent shall file with this Court and serve upon petitioner an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it upon respondent's counsel no later than **thirty (30)** days from his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

3. If at any time prior to final judgment in this action, the California Supreme Court issues a decision in *Robinson* suggesting that the instant action is untimely, respondent may file a renewed motion to dismiss.

This order terminates Docket No. 37.

**IT IS SO ORDERED.**

Dated: 4/26/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge