United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ATLEE PARSONS,<br>　　　　Petitioner,<br>　v.<br>WILLIAM KNIPP, Warden,<br>　　　　Respondent. | Case No. 14-cv-04833-HSG (PR)<br>**ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION FOR RECONSIDERATION; DENYING PETITIONER'S MOTION FOR EMERGENCY TRANSFER**<br>Re: Dkt. Nos. 39, 40, 44 |

On October 30, 2014, petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moved to dismiss the petition as untimely. The central issue presented was whether petitioner was entitled to tolling for the 93-day gap from April 9, 2014 to July 11, 2014—the time between the state court of appeal's denial of his state habeas petition and petitioner's filing of his next state habeas petition in the California Supreme Court. On October 27, 2015, this Court denied respondent's motion to dismiss without prejudice on the ground that the Ninth Circuit had recently certified to the California Supreme Court a case presenting the same issue presented by respondent's motion to dismiss. *See Robinson v. Lewis*, 795 F.3d 926, 928 (9th Cir. 2015) (certifying to the California Supreme Court the following question: "When a state habeas petitioner has no good cause for delay, at what point in time is that state prisoner's petition, filed in a California court of review to challenge a lower state court's disposition of the prisoner's claims, untimely under California law?"). On December 16, 2015, the California Supreme Court granted the request for certification in *Robinson*. *See Robinson v. Lewis*, 2015 D.A.R. 13410, No. S228137 (Cal. Dec. 16, 2015). On January 12, 2016, this Court granted respondent's motion to stay proceedings pending resolution of *Robinson*. On April 25, 2016, the Court denied petitioner's motion for reconsideration of the stay. The Court specified,

however, that the stay would not last indefinitely and advised petitioner that he could move to lift the stay in one year if the California Supreme Court had not, during that time, issued a decision in *Robinson*. On April 26, 2017, at petitioner's request, the Court lifted the stay and directed respondent to file an answer to the petition.

Respondent has filed a motion for leave to file a motion for reconsideration. Therein, respondent asks the Court to dismiss the petition as untimely based on current federal precedent and without awaiting guidance from the California Supreme Court in *Robinson*. Alternatively, respondent asks the Court to reinstate the stay pending a decision in *Robinson*, in the interest of preserving state and federal resources.

Respondent's motion for leave to file a motion for reconsideration is GRANTED. Upon reconsideration, respondent's request that the Court dismiss the petition as untimely is DENIED. Respondent cites *Walker v. Martin*, 562 U.S. 307, 311, 315 (2011). *Walker* addressed a California state court determination that a state habeas petition was untimely, making it procedurally defaulted for purposes for federal review. The case does not apply to a determination of whether a federal petition is timely—the issue before the Court here. In any event, respondent does not show why petitioner should not have the benefit of a possibly favorable decision in *Robinson*.

The Court notes, however, that the issues in *Robinson* have now been fully briefed. Specifically, the California appellate courts on-line register of actions shows that the reply brief was filed on October 5, 2016. Given the likelihood that a decision in *Robinson* will issue in the near future, the Court agrees that respondent and this court should not have to expend resources in addressing the merits of the instant petition at this juncture. Accordingly, the Court will stay the action for an additional nine months. If *Robinson* is decided within nine months from the date of this order and indicates that the instant petition is untimely, respondent may file a renewed motion to dismiss. If *Robinson* is decided within nine months from the date of this order and indicates that the instant petition is timely, the Court will set a briefing schedule for the filing of an answer and traverse addressing the merits of the petition. If no decision is forthcoming within nine months of this order, the parties shall file a brief case management statement indicating how they would like to proceed.

Petitioner's motion for emergency transfer from a state prison to federal custody is DENIED. Prisoners have no constitutional right to incarceration in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983). In any event, a prison transfer is not a form of relief available in a habeas action. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement; civil rights action proper method for challenging conditions of confinement). If petitioner seeks to challenge the conditions of his confinement, he may file a civil rights complaint under 42 U.S.C. § 1983 after exhausting administrative remedies. Because petitioner is incarcerated at Mule Creek State Prison, such an action must be filed in the United States District Court for the Eastern District of California, where Mule Creek State Prison is located.

The instant action is STAYED. The Clerk shall ADMINISTRATIVELY CLOSE the file. This Order terminates Docket Nos. 39, 40, and 44.

**IT IS SO ORDERED.**

Dated: 8/1/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge