UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ATLEE PARSONS,<br>Petitioner,<br>v.<br>JOE LIZARRAGA, Warden,<br>Respondent. | Case No. 14-cv-04833-HSG (PR)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE; ADDRESSING PENDING MOTIONS**<br><br>Re: Dkt. Nos. 50, 52, 53, 58, 54, 65 |

**INTRODUCTION**

On October 30, 2014, petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moved to dismiss the petition as untimely. The central issue presented was whether petitioner was entitled to tolling for the 93-day gap from April 9, 2014 to July 11, 2014—the time between the state court of appeal's denial of his state habeas petition and petitioner's filing of his next state habeas petition in the California Supreme Court.

On October 27, 2015, this Court denied respondent's motion to dismiss without prejudice on the ground that the Ninth Circuit had recently certified to the California Supreme Court a case presenting the same issue presented by respondent's motion to dismiss. *See Robinson v. Lewis*, 795 F.3d 926, 928 (9th Cir. 2015) (certifying to the California Supreme Court the following question: "When a state habeas petitioner has no good cause for delay, at what point in time is that state prisoner's petition, filed in a California court of review to challenge a lower state court's disposition of the prisoner's claims, untimely under California law?"). On December 16, 2015, the California Supreme Court granted the request for certification in *Robinson*. *See Robinson v. Lewis*, 2015 D.A.R. 13410, No. S228137 (Cal. Dec. 16, 2015). On January 12, 2016, this Court granted respondent's motion to stay proceedings pending resolution of *Robinson*. On October 4,

1 2017, the Court extended the stay but directed the parties to file case management statements if
*Robinson* was not decided within nine months.

On April 18, 2018, respondent filed a case management statement notifying the Court that the California Supreme Court has still not scheduled oral argument in *Robinson*. Respondent requests that the stay be extended. On April 25, 2018, petitioner filed his case management statement asking that the Court direct respondent to file an answer addressing the merits of the petition.

**DISCUSSION**

**A.** *Robinson v. Lewis*

It does not appear that *Robinson* will be decided in the near future, and the Court is not inclined to extend the stay indefinitely. This action has been pending for more than three years, and the stay has been in place for more than half of that time. Therefore, in the interest of finality, the Court is compelled to dismiss the petition as untimely under current federal precedent without awaiting guidance from the California Supreme Court. *See Evans v. Chavis*, 546 U.S. 189, 199, 201 (2006) (surmising "that California's 'reasonable time' standard would not lead to filing delays substantially longer than" between 30 and 60 days, the range of time allowed for filing a notice of appeal by other states' statutes); *Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012) (finding 82 day delay unreasonable); *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding 91 and 81 days delay between state habeas petitions was "unreasonable" with no indications from the California courts to the contrary).

Accordingly, the action will be dismissed. However dismissal is without prejudice to petitioner moving to reopen the action pursuant to Federal Rule of Civil Procedure 60(b)(6) if and when the California Supreme Court issues a decision in *Robinson* suggesting that the instant action is timely.

**B.** **Miscellaneous Motions**

During the stay, petitioner filed: (1) a motion for reconsideration of the Court's October 4, 2017 order extending the stay (dkt. no. 50); and (2) two motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (dkt. nos. 52 and 64). In violation of Civil Local Rule 7-

9, petitioner failed first to seek leave of court before filing his motion for reconsideration. Further, his motion fails to make the showing required under Civil Local Rule 7-9 or otherwise to show good cause for reconsideration. Accordingly, the motion for reconsideration is DENIED. Petitioner's motions for relief from judgment pursuant to Rule 60(b) are also DENIED as there was no final judgment in this action at the time the motions were filed.

Petitioner's accompanying "motion for judicial notice of petitioner's 60(b)(3) motion" (dkt. no. 53) and "motion for service of respondent's response to petitioner's 60(b)(3) motion" are DENIED as moot. Petitioner's "request for copies of this court's orders" will be GRANTED pursuant to the instructions below.

## CONCLUSION

For the foregoing reasons,

1. The instant petition is DISMISSED as untimely. Dismissal is without prejudice to petitioner moving to reopen the action pursuant to Federal Rule of Civil Procedure 60(b)(6) if and when the California Supreme Court issues a decision in *Robinson* suggesting that the action is timely.

2. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

3. The Clerk shall terminate all pending motions, enter judgment, and close the file. The Clerk is further directed to send petitioner a copy of the docket in this action and a copy of all orders entered in this action.

**IT IS SO ORDERED.**

Dated: 5/21/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

3