UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ATLEE PARSONS,<br>Petitioner,<br>v.<br>RAYMOND MADDEN,<br>Respondent. | Case No. 14-cv-04833-HSG<br>**ORDER DENYING REQUESTS TO REOPEN**<br>Re: Dkt. Nos. 79, 80 |

Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 21, 2018, this petition was dismissed as untimely, and a certificate of appealability was denied. Dkt. No. 68. Now pending before the Court are Petitioner's requests to reopen this action. Dkt. Nos. 79, 80. For the reasons set forth below, the request is DENIED.

**DISCUSSION**

**I.    Procedural History**

On or about October 26, 2014, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 27, 2015, the Court denied Respondent's motion to dismiss. Dkt. No. 23. The Court found that Petitioner's conviction became final on March 12, 2013, sixty days after his re-sentencing on January 11, 2013, and the limitations period began to run on March 13, 2013. *Id.* at 3. The Court found that Petitioner was entitled to tolling under 28 U.S.C. § 2244(d)(2) for the time that (1) his habeas petition was pending in state superior court, November 19, 2013 to April 19, 2014, a total of 141 days; and (2) his habeas petition was pending in the California Supreme Court, July 11, 2014 to October 1, 2014. Although the denials of these state habeas petitions mentioned untimeliness as a ground for denial, the Court found that the state court denials were ambiguous because they cited numerous procedural grounds and did

not specify which of Petitioner's multiple claims were rejected under which cited procedural rule. *Id.* at 5-6. The Court found that because Petitioner was entitled to a total of 223 days, the limitations period expired on October 21, 2014, and his petition was late by 4 days. However, the Court noted Petitioner was possibly entitled to statutory tolling for the time between when the state appellate court denied his habeas petition, April 9, 2014, and when he filed his habeas petition with the California Supreme Court, July 11, 2014, a total of 82 days, depending on whether the California Supreme Court agreed to accept the question certified by the Ninth Circuit: "When a state habeas petitioner has no good cause for delay, at what point in time is that state prisoner's petition, filed in a California court of review to challenge a lower state court's disposition of the prisoner's claims, untimely under California law?" *See Robinson v. Lewis*, 795 F.3d 926, 928 (9th Cir. 2015) ("*Robinson I*"). *Id.* at 3-4.

On December 16, 2015, the California Supreme Court granted the request for certification in *Robinson*. *See Robinson v. Lewis*, 2015 D.A.R. 13410, No. S228137 (Cal. Dec. 16, 2015) ("*Robinson II*").

On January 12, 2016, the Court stayed this action pending the California Supreme Court's decision in *Robinson II*. Dkt. No. 25.

On April 26, 2017, the Court reopened the action at Petitioner's request, noting that the California Supreme Court had not yet issued a decision in *Robinson II*, and ordering Respondent to file an answer. Dkt. No. 38. On August 1, 2017, the Court stayed the action, noting that *Robinson II* was now fully briefed, and a decision could be imminent. Dkt. No. 45. On May 21, 2018, the Court dismissed the petition as untimely. The Court stated that it was reluctant to extend the stay indefinitely and, in the interest of finality, was compelled to dismiss the petition as untimely under then-current federal precedent without awaiting guidance from the California Supreme Court. Dkt. No. 68 at 2. The dismissal was without prejudice to Petitioner moving to reopen this action pursuant to Fed. R. Civ. P. 60(b)(6) when the California Supreme Court issued a decision in *Robinson II*, if the decision suggested that this action was timely. *Id.* The Court denied a certificate of appealability and entered judgment in favor of Respondent. Dkt. Nos. 68, 69, 71.

1    Petitioner appealed. Dkt. No. 72. On March 30, 2020, the Ninth Circuit affirmed the
2    Court's finding that the petition was untimely. However, the Ninth Circuit found that the petition
3    was untimely by 228 days, because he was not entitled to statutory tolling for the time that his
4    state habeas petitions were pending because they were not properly filed within the meaning of
5    Section 2244(d)(2). Dkt. No. 77 (*Parsons v. Lizarraga*, slip op. No. 18-16149 (9th Cir. Mar. 30,
6    2020).

## II. Requests to Reopen

In July 2020, the California Supreme Court addressed the question certified in *Robinson II*. *Robinson v. Lewis*, 9 Cal. 5th 883, 901 (Cal. 2020) ("*Robinson III*"). Petitioner requests to reopen this case, arguing that *Robinson III* establishes that his petition is timely. Dkt. No. 79 at 2 (citing to *Robinson III*); Dkt. No. 2 80. Petitioner notes that this Court's dismissal of his petition as untimely was without prejudice to re-filing, depending on how the California Supreme Court resolved the question posed in *Robinson II*. Petitioner argues that his petition is timely because in *Robinson III*, the California Supreme Court held that a delay of up to 120 days between the state court denial of the habeas petition and the filing of the habeas petition at the next level of review would never be considered a substantial delay, and his case involved only 82 days of delay. Dkt. No. 79 at 2 (citing to *Robinson III*). Petitioner's request to reopen is DENIED. The Ninth Circuit's decision that this petition is untimely found that Petitioner is not entitled to statutory tolling for the time during which his state habeas petitions were pending because they were not properly filed within the meaning of Section 2244(d)(2). Dkt. No. 77 (*Parsons*, slip op. at 3-4). Accordingly, the California Supreme Court's decision in *Robinson III* does not control.

//
//
//
//
//
//
//

## CONCLUSION

For the reasons set forth above, Petitioner's request to reopen this case is DENIED. Dkt. No. 79. The case remains closed.

This order terminates Dkt. Nos. 79, 80.

**IT IS SO ORDERED.**

Dated: 2/14/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge