UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ATLEE PARSONS,<br><br>Petitioner,<br><br>v.<br><br>LANDON BIRD,<br><br>Respondent. | Case No. 14-cv-04833-HSG<br><br>**ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS ON APPEAL; DENYING REQUEST FOR APPOINTMENT OF COUNSEL ON APPEAL; REVOKING IN FORMA PAUPERIS STATUS**<br><br>Re: Dkt. Nos. 92, 93 |

Petitioner, a *pro se* prisoner housed at Valley State Prison,[1] filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court are Petitioner's requests to proceed *in forma pauperis* on appeal and for appointment of counsel to represent him on appeal. Dkt. Nos. 92, 23. For the reasons set forth below, these requests are DENIED.

**DISCUSSION**

**I.      Procedural History**

On October 27, 2015, the Court found that the instant petition was untimely by five days pursuant to the governing precedent at that time.[2] The Court further found that Petitioner might be

---

[1] The Clerk of the Court is directed to substitute Warden Landon Bird in place of the previously named respondent because Warden Bird is Petitioner's current custodian. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.), *as amended* (May 8, 1996) (rules governing relief under 28 U.S.C. § 2254 require person in custody pursuant to judgment of state court to name state officer having custody of him as respondent); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (respondent in habeas petition typically is warden of facility in which petitioner is incarcerated).

[2] Petitioner's conviction became final on March 12, 2013. Dkt. No. 23 at 1-3. The instant petition was filed on October 26, 2014. Dkt. No. 1. The Court found that Petitioner was entitled to statutory tolling for 223 days: from November 19, 2013, when Petitioner filed his habeas petition in the state superior court to April 9, 2014, when the state appellate court denied his habeas petition; and from July 11, 2014 to October 1, 2014, when his habeas petition was pending with the California Supreme Court. Dkt. No. 23.

1  entitled to tolling for the 93-day gap between when the state appellate court denied his petition and
2  when he filed a petition with the California Supreme Court, depending on how the California
3  Supreme Court decided a question recently certified to it by the Ninth Circuit in *Robinson v.*
4  *Lewis*, 795 F.3d 926, 298 (9th Cir. 2015).  Dkt. No. 23.  The Court therefore denied Respondent's
5  motion to dismiss without prejudice to re-filing once the California Supreme Court decided to
6  accept or decline certification in *Robinson*.  *See id.*

7  On May 21, 2018, this Court dismissed this petition as untimely under the applicable
8  precedent at the time, stating that it did not appear that the California Supreme Court would decide
9  *Robinson* in the near future.  Dkt. No. 68.  The denial was without prejudice to Petitioner moving
10 to reopen the action if the California Supreme Court issued a decision in C No. S228137,
11 *Robinson v. Lewis*, that suggested that the petition was timely.  *Id.*

12 Petitioner timely appealed.  Dkt. No. 72.  On January 31, 2019, the Court appointed
13 counsel to represent Petitioner on appeal.  Dkt. No. 76.  On March 30, 2020, the Ninth Circuit
14 affirmed the Court's finding that this petition was untimely.  Dkt. No. 77 (*Parsons v. Lizarraga*,
15 slip op. No. 18-16149 (9th Cir. Mar. 30, 2020)).  However, the Ninth Circuit found that Petitioner
16 was not entitled to statutory tolling for the time during which his state habeas petitions were
17 pending because they were not properly filed within the meaning of Section 2244(d)(2).  Based on
18 this finding, the Ninth Circuit found that the petition was therefore untimely by 228 days.  Dkt.
19 No. 77.

20 On July 20, 2020, the California Supreme Court issued a decision in *Robinson* and adopted
21 a 120-day time period as the safe harbor for a gap delay between when a petition is denied and a
22 new petition filed in a higher court.  *Robinson v. Lewis*, 9 Cal. 5th 883, 901 (Cal. 2020).

23 Petitioner sought to reopen this action based on the holding in *Robinson*, arguing because
24 the California Supreme Court held in *Robinson* that a delay of up to 120 days between the state
25 court denial of the habeas petition and the filing of the habeas petition at the next level of review
26 would never be considered a substantial delay and his case involved only 82 days of delay,
27 *Robinson*'s holding rendered this petition timely.  Dkt. Nos. 79, 80.  On February 14, 2022, the
28 Court denied Petitioner's request to reopen, stating that *Robinson* was inapplicable because the

1   Ninth Circuit's decision that this petition was untimely rested on a finding that Petitioner was not
2   entitled to any statutory tolling for the time during which his state habeas petitions were pending.
3   Dkt. No. 81 at 3.
4       On September 21, 2022, Petitioner filed a notice of appeal with the Ninth Circuit,
5   appealing the Court's denial of his request to reopen this action. Dkt. No. 88.

**II.     Requests to Proceed *In Forma Pauperis* on Appeal and for Appointment of Counsel**

Petitioner requests leave to proceed *in forma pauperis* on appeal, arguing that he was granted leave to proceed *in forma pauperis* in this action, that he has no monies, and that his ability to litigate is severely limited by his current housing placement in protective custody. Dkt. No. 92. The Court finds that the appeal is frivolous and therefore leave to proceed *in forma pauperis* on appeal is DENIED and Petitioner's *in forma pauperis* status is REVOKED. *See* 28 U.S.C. § 1915(a)(3).

Petitioner has also requested appointment of counsel. Dkt. No. 93. He states that appointment of counsel is necessary because he is unable to readily access the law library due to being housed in isolation and because he completely lacks financial resources. *Id.* The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994). Appointment is

mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

Here, justice does not require the appointment of counsel because Petitioner's appeal is without merit. As explained in the Court's February 14, 2022 Order, *Robinson* does not render this petition timely because the Ninth Circuit has found that Petitioner is not entitled to statutory tolling for the time period during which his state court habeas petitions were pending because the state court petitions were not properly filed within the meaning of Section 2244(d)(2), and that the instant petition is therefore untimely by 228 days. Dkt. No. 77 at 3. In *Robinson*, the state petitions were presumed properly filed within the meaning of Section 2244(d)(2) and the only remaining question was how to treat a time gap between the denial of a habeas petition in a lower California court and the filing of a new petition in a higher California court. *Robinson*, 9 Cal. 5th at 892-93. The *Robinson* court held that a 120-day time gap would not be considered untimely. *Id.* at 901. The *Robinson* court specified that this analysis was inapplicable in cases where a California state court had already dismissed a state habeas petition was untimely because an untimely petition is not "properly filed" within the AEDPA and therefore not entitled to AEDPA's statutory tolling provisions. *Id*. at 892. Here, the Ninth Circuit has found that the state court petitions were not properly filed within the meaning of Section 2244(d)(2) because the California appellate court dismissed the petition on many grounds, including untimeliness. Dkt. No. 77 at 3. *Robinson* therefore does not render the instant petition timely.

## CONCLUSION

For the reasons set forth above, the Court DENIES Petitioner's request to proceed *in forma pauperis* on appeal Dkt. No. 92; DENIES Petitioner's request for appointment of counsel to represent him on appeal, Dkt. No. 93; and REVOKES Petitioner's *in forma pauperis* status. This case remains closed. The Clerk shall transmit a copy of this order to the Court of Appeals.

//

//

//

This order terminates Dkt. Nos. 92, 93.

**IT IS SO ORDERED.**

Dated: 10/13/2022

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge